

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAIAH SMALLWOOD JACKSON,

Defendant - Appellant.

No. 19-50301

D.C. No. 3:18-cr-01805-BAS-1
U.S. District Court for Southern
California, San Diego

**MANDATE**

The judgment of this Court, entered June 22, 2021, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rhonda Roberts
Deputy Clerk
Ninth Circuit Rule 27-7

NOT FOR PUBLICATION

FILED

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ISAIAH SMALLWOOD JACKSON, Defendant-Appellant. | No. 19-50301 D.C. No. 3:18-cr-01805-BAS-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted June 8, 2021
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.

At 9:00 p.m. on September 21, 2017, officers knocked on the door to Isaiah Smallwood Jackson's home and when, in response, he stepped out of his home, they arrested him. The officers had probable cause to believe that Jackson had sexually exploited a minor. Jackson was subsequently convicted of sexual exploitation of a minor. On appeal, he argues that his confession and evidence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

from his cell phone should have been suppressed and that the government failed to prove the interstate commerce element of the charge. We affirm.

"We review *de novo* the district court's ruling on a motion to suppress and review the underlying factual findings for clear error." *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015). Jackson is correct that, pursuant to *United States v. Lundin*, 817 F.3d 1151 (9th Cir. 2016), the officers were not authorized to knock on his door without a warrant with the intent to arrest him. However, the Supreme Court has held that "where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the [the government's] use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of [*Payton v. New York*, 445 U.S. 573 (1980)]." *New York v. Harris*, 495 U.S. 14, 21 (1990); s*ee also Hudson v. Michigan*, 547 U.S. 586 (2006) (holding that a violation of the knock-and-announce rule does not necessarily require the suppression of all evidence found in the search). On appeal, Jackson does not contest that at the police station he waived his *Miranda* rights and admitted that he met the victim and engaged in a sexual act.

Even where the government has not raised harmlessness we may consider whether an error is harmless. *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1100-01 (9th Cir. 2005). We held "that sua sponte recognition of an error's

harmlessness is appropriate *only* where the harmlessness of the error is not reasonably debatable." *Id*. at 1101.

Here, excluding the evidence from the search of Jackson's cell phone, there remained overwhelming evidence of Jackson's guilt. The jury heard the victim's testimony, evidence from the victim's cell phone, testimony from the officers involved in the case, and Jackson's confession. The victim testified to the acts for which Jackson was convicted, and Jackson admitted those acts. Both the victim and Jackson stated that, before the assault, they had communicated only by cell phone, using an Internet app. Thus, it is beyond debate that the admission of materials from Jackson's cell phone was harmless error.

Jackson's challenges to the evidence and jury instructions concerning the interstate commerce element of the charges are not persuasive, as we have held that the Internet is an instrument of, and intimately related to, interstate commerce. *United States v. Sutcliffe*, 505 F.3d 944, 952–53 (9th Cir. 2007); *United States v. Costanzo*, 956 F.3d 1088, 1092 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 931 (2020).

**AFFIRMED.**